IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID BASILE, individually and on behalf of all other similarly situated,

Plaintiff,

v.

WALMART, INC., D/B/A SPARK,

Defendant.

Case No. 26-cv-08527

**NOTICE OF REMOVAL**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS AND TO PLAINTIFF:**

Pursuant to 28 U.S.C. §§ 1446 and 1453, Defendant Walmart Inc. hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332(d) and 1441 and states the following grounds for removal:

1. On June 15, 2026, Plaintiff David Basile filed his initial complaint in the Circuit Court of Cook County, Chancery Division, styled and captioned as above. The matter was given Case No. 2026CH05726 and is currently assigned to Judge Cecilia A. Horan, Calendar 9 in the Chancery Division ("State Court Action"). Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibits 1 – 7** are copies of all proceedings, pleadings, and orders served in the State Court Action.

2. This case is brought as a putative class action for violation of: (1) the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 et seq. (Count I); (2) the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et seq. (Count II); and (3) the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/15(a),(b), & (d) (Counts III–V). Plaintiff alleges that Walmart violated the IMWL and IWPCA by misclassifying him and other delivery drivers as independent contractors instead of employees and failing to pay minimum wages for all hours worked and to reimburse necessary business expenditures. Plaintiff further alleges that Walmart

violated BIPA by collecting and disclosing biometric information in the form of facial geometry from drivers without proper written notice and informed consent, as well as failing to maintain adequate retention and destruction policies.

3. Plaintiff seeks compensatory damages, statutory damages, penalties, injunctive relief, and attorneys' fees and costs.

4. Walmart was served with the Complaint on June 19, 2026. Other than the documents attached as **Exhibits 1– 7**, no other pleadings, proceedings, or orders have been filed or served in the State Court Action.

5. This Notice of Removal has been timely filed within the 30-day removal period allotted by 28 U.S.C. § 1446(b). Fed. R. Civ. P. 6(a)(1)(C) (when the last day of a period falls on a weekend, the period is extended to the next business day); *Dillon v. Naman, Howell, Smith & Lee, PLLC*, 2018 WL 2933602, at *2 n.5 (N.D. Ill. June 12, 2018) (holding notice of removal timely because Fed. R. Civ. P. 6(a)(1)(C) computation rule applies to 28 U.S.C. § 1446(b)).

6. Additionally, the Notice of Removal has been filed within one year of the commencement of the State Court Action on June 15, 2026.

7. Walmart denies liability on all claims alleged in this action, denies that Plaintiff and the putative class action members are employees, denies any violation of IMWL, IWPCA, or BIPA, denies that class certification of Plaintiff's putative class claims is proper, denies that Plaintiff and proposed class action members have been harmed in any amount, and reserves all rights and defenses in these regards. However, for purposes of meeting the jurisdictional requirements of removal only, Walmart submits that this Court has subject matter jurisdiction over all the claims alleged in this action pursuant to the Class Action Fairness Act ("CAFA") because this is a putative class action in which: (a) there are 100 or more members in Plaintiff's proposed class; (b) at least some members of the proposed class, including Plaintiff himself, have different citizenship from one or more defendants; and (c) the claims of the proposed class members, in the

aggregate, exceed the sum or value of $5,000,000, exclusive of interest and costs.[1] 28 U.S.C. §§ 1332(d), 1446, 1453; *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (explaining that "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'") (citation omitted).

**CLASS ACTION FAIRNESS ACT JURISDICTION.**

**Plaintiff's Proposed Class Consists of More Than 100 Members.**

8. To establish CAFA jurisdiction, the number of putative class members of all proposed plaintiff classes in the aggregate must equal or exceed 100. 28 U.S.C. § 1332(d)(5)(B). In Paragraph 41 of the Complaint, Plaintiff defines the putative classes he seeks to represent in this action as follows:

> IMWL Class: "All current and former individuals who were classified by Defendant as 'independent contractors' and who performed deliveries for Defendant in the State of Illinois at any point from three years preceding the filing of this action to the present."
>
> IWPCA Class: "All current and former individuals who were classified by Defendant as 'independent contractors' and who performed deliveries for Defendant in the State of Illinois from January 1, 2019, to the present."
>
> BIPA Class: "All current and former individuals who had their faces scanned by Defendant as a requirement of performing deliveries for Defendant in the State of Illinois at any point from five years preceding the filing of this action to the present."

---

[1] Walmart is not required to include evidence of the amount in controversy in this Notice. *Dart Cherokee*, 574 U.S. at 89 ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"; the notice need not contain evidentiary submissions.). If removal is challenged, however, Walmart will produce relevant supporting evidence.

9. Plaintiff's references to "current and former individuals . . . who performed deliveries for Defendant" refer to individuals who provide delivery services through Walmart's Spark Driver platform, an app-based delivery platform that provides independent contractor drivers with opportunities to deliver grocery and other general merchandise from stores to customers' homes. *See* Compl. ¶¶ 8, 10, 11.

10. Plaintiff alleges that the classes consist of "thousands of individuals who performed work for Defendant in Illinois as misclassified independent contractors and had their faces scanned while doing the same." Compl. ¶ 42. Thus, this action involves a putative class of 100 or more members.

**Diversity of Citizenship Exists.**

11. Diversity of citizenship is established pursuant to 28 U.S.C. § 1332(d)(2) because Plaintiff is a citizen of Illinois, and Walmart is not.

12. Plaintiff is a resident of and domiciled in Illinois, and as such, he is a citizen of Illinois for diversity of citizenship purposes. *See* Compl., ¶ 6. *See also Ner Tamid Congregation of N. Town v. Krivoruchko,* 620 F. Supp. 2d 924, 931 (N.D. Ill. 2009) (citizenship of individual determined by domicile).

13. For purposes of diversity jurisdiction, a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its "principal place of business." 28 U.S.C. § 1332(c)(1).

14. Walmart is a corporation incorporated under the laws of Delaware, as recognized by Plaintiff. Compl. ¶ 7.

15. A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" or its "nerve center," and "in practice it should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *Ayala v. BWAY Corp.*, 2017 WL 11562406, at *1 (N.D. Ill. Aug. 31, 2017). Under this test, Walmart's principal place of business is Arkansas because its "nerve center" is in Arkansas. Walmart maintains its corporate headquarters at 1

Customer Drive, Bentonville, Arkansas 72716, where its officers direct, control, and coordinate the corporation's activities. *See also Giovannelli v. Walmart, Inc*., 2024 WL 4301145, *1 n.2 (N.D. Ill. Sept. 26, 2024), *aff'd*, 164 F.4th 1052 (7th Cir. 2026) ("Walmart, Inc. is a Delaware corporation with its principal place of business in Arkansas.").

16. As such, for the purposes of removal, and pursuant to 28 U.S.C. § 1332(c)(1), Walmart is and has been at all times relevant a citizen of the State of Delaware and the State of Arkansas.

17. Because Plaintiff is a citizen of Illinois, while Walmart is a citizen of Delaware and Arkansas, diversity exists between at least one putative class member and one defendant. Therefore, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) has been met.

**The Aggregate Amount in Controversy Exceeds $5,000,000.**

18. As explained *supra* ¶ 7, Walmart denies all liability and maintains that class certification would be inappropriate. *Roppo v. Travelers Com. Ins. Co*., 869 F.3d 568, 579 (7th Cir. 2017) ("A removing defendant need not 'confess liability in order to show that the controversy exceeds the threshold.'") (citation omitted). For purposes of meeting the jurisdictional requirements of removal only, Walmart submits that the aggregate amount "in controversy" for all proposed class members exceeds the sum or value of $5,000,000, which is the minimum threshold for CAFA jurisdiction under 28 U.S.C. § 1332(d)(2). *See also* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (same).

19. Where, as here, a plaintiff does not expressly plead a specific amount of damages, a removing party therefore need only establish the amount in controversy by a good faith estimate that is "plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). A defendant may meet this burden through various means, including "by calculation from the complaint's allegations ...; by reference to the

plaintiff's informal estimates or settlement demands ...; or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands[.]" *Roppo*, 869 F.3d at 579 (cleaned up). "If the removing party is able to meet this burden, then remand is appropriate only if the plaintiff can establish the claim is for less than the requisite amount to a 'legal certainty.'" *Id.* (citation omitted).

20. Here, Plaintiff's fourth cause of action for violation of BIPA Section 15(b) alone is sufficient to meet the amount in controversy threshold. For that cause of action, Plaintiff alleges that, by scanning/collecting Plaintiff and proposed class members' facial geometries, Walmart unlawfully "collected, stored, and used Plaintiff's and the BIPA Class Members' biometric information without ever receiving a written release." Compl. ¶¶ 58, 70. On this basis, Plaintiff seeks "[s]tatutory damages of $5,000.00 for each intentional and reckless violation of BIPA . . . or alternatively, statutory damages of $1,000.00 per violation . . . in the event that the Court finds that [Walmart's] violations of BIPA were negligent." *Id.* ¶ 71(B). Plaintiff also seeks attorneys' fees and actual damages. *Id.* ¶ 71(C), (D). Based on Plaintiff's allegations, given the alleged size of the putative class and the relief sought, the statutory damages sought by Plaintiff on behalf of the proposed BIPA class based on Plaintiff's fourth cause of action—aggregated as required by 28 U.S.C. § 1332(d)(6)—exceeds $5,000,000.

21. Plaintiff's BIPA class consists of: "All current and former individuals who had their faces scanned by Defendant as a requirement of performing deliveries for Defendant in the State of Illinois at any point from five years preceding the filing of this action to the present." Compl. ¶ 41. Five years preceding the filing of the State Court Action was June 15, 2021. The Complaint also alleges that, "to be a driver," BIPA Class Members were required to "upload a picture of their driver's license and [were] required to routinely upload additional identification photos," *id.* ¶ 24, and that "thousands of individuals who performed work for [Walmart] in Illinois . . . had their faces scanned." *Id.* ¶ 42. Walmart's Spark Driver platform data shows that, since June 2021, substantially more than 5,000 drivers have completed at least one trip in Illinois, thereby having had their faces scanned according to Plaintiff's allegations. Therefore,

substantially more than 5,000 individuals would fall within Plaintiff's BIPA proposed class definition.

22. Section 20 of BIPA limits recovery under Section 15(b) to one recovery per plaintiff when their biometric information is repeatedly collected in the same way by the same entity. 740 ILCS 14/20(b) ("For purposes of subsection (b) of Section 15, a private entity that, in more than one instance, collects . . . the same biometric identifier . . . from the same person using the same method of collection in violation of subsection (b) of Section 15 has committed a single violation of subsection (b) of Section 15 for which the aggrieved person is entitled to, at most, one recovery under this Section.") (cleaned up). Even if each proposed class member seeks only $1,000 in statutory damages for each alleged violation of BIPA Section 15(b),[2] Compl. ¶ 71(B), that amount, multiplied by more than 5,000 individuals, results in more than $5,000,000 in damages—exceeding the threshold under CAFA Section 1332(d)(2).

23. If the amounts in controversy for other causes of action also were considered, the amount in controversy would grow, further confirming that the minimum threshold is exceeded.

**NO CAFA EXCEPTION APPLIES**

24. CAFA contains certain jurisdictional exceptions, none of which applies to this case.

25. The "Local Controversy Exception" does not apply because Walmart, from whom class members seek "significant relief" and whose conduct forms a "significant basis" for the Class Members' claims, is not a citizen of Illinois, the state in which the action was originally filed. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).

26. The "Home State Exception" also does not apply to the present case because Walmart is not a citizen of Illinois, the state in which the action was originally filed. *See* 28 U.S.C. § 1332(d)(4)(B).

[2] Even though Plaintiff's Prayer for Relief requests "[s]tatutory damages of $5,000.00 for each intentional and reckless violation of BIPA," the Complaint contains no allegations that Walmart's purported violations of BIPA were either intentional or reckless.

## OTHER PROCEDURAL REQUIREMENTS

27. Walmart satisfies the other procedural requirements for removal to this District.

28. *Venue*. Plaintiff filed this action in the Circuit Court of Cook County, Illinois, located in Chicago, Illinois. Pursuant to 28 U.S.C. §§ 93(a)(1), 1446(a), (b) and (c), and 1453, this action is properly removed to the United States District Court for the Northern District of Illinois, Eastern Division, which embraces Cook County within its jurisdiction.

29. *Copy of All Process, Pleadings, and Orders*. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders filed in the State Court Action is attached as **Exhibits 1 – 7**.

30. *Notice*. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously served upon Plaintiff and a copy is being filed with the Clerk of Court for the Circuit Court of Cook County, Illinois.

## CONCLUSION

31. For the reasons stated above, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, this action is removed from the Circuit Court of Cook County, Illinois to this Court.

Dated: July 17, 2026

Respectfully submitted,

By: /s/ *Randall W. Edwards*

Randall W. Edwards (C.S.B.# 179053)
redwards@omm.com
O'MELVENY & MYERS LLP
2 Embarcadero Ctr., Suite 2800
San Francisco, CA 94111
Telephone: (415) 984-8700

Scott Voelz (C.S.B.# 181415)
svoelz@omm.com
Paul A. Holton (C.S.B.# 313047)
pholton@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 430-6000

Benjamin E. Waldin (S.B.# 6317991)
bwaldin@eimerstahl.com
Collin Vierra (C.S.B.# 322720)
cvierra@eimerstahl.com
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600

*Attorneys for Defendant Walmart Inc.*

**CERTIFICATE OF SERVICE**

I, Randall W. Edwards, hereby certify that on July 17, 2026, the foregoing **NOTICE OF REMOVAL** was served by electronic mail on:

Michael L. Fradin
mike@fradinlaw.com
FRADIN LAW, LLC
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
(847) 986-5889

James L. Simon
james@simonsayspay.com
SIMON LAW CO.
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
(216) 816-8696

Jerusalem F. Beligan
jbeligan@beliganlawgroup.com
Leah M. Beligan
lbeligan@beliganlawgroup.com
BELIGAN LAW GROUP, LLP
19800 MacArthur Blvd., Suite 300
Newport Beach, CA 92612
(949) 224-3881

By: *__/s/ Randall W. Edwards*
Randall W. Edwards